1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9         **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ERNEST C. ALDRIDGE,                    No. CIV S-09-1737-GEB-CMK

12              Plaintiff,

13        vs.                           <u>FINDINGS AND RECOMMENDATIONS</u>

14   JASON M. SERAK, et al.,

15              Defendants.

16   _____/

17              Plaintiff, who is proceeding pro se, brings this civil action relating to notices of

18   eviction posted on real property incident to a foreclosure order.  Pending before the court are

19   defendants' unopposed motions to dismiss (Docs. 11 and 19), which were submitted for decision

20   without oral argument.[1]

21   / / /

22   / / /

23   / / /

24

25   _____

        [1]      The first motion (Doc. 11) challenges the sufficiency of plaintiff's original
26   complaint.  The second (Doc. 19) is a renewal of defendants' underlying arguments following
     plaintiff's filing of an amended complaint.

1

# I. BACKGROUND

This action proceeds against defendants Jason M. Serak and Phillip J. McKeough, both of whom are Deputy United States Marshals.  Defendants recite the following general background, which plaintiff has not opposed:

> Plaintiff, Ernest C. Aldridge has filed a complaint asserting a constitutional claim against two Deputy United States Marshals because, pursuant to a valid foreclosure order of this Court, they posted two "Notices of Eviction" on real properties that were the subject of the foreclosure order.  The true owners of the real properties subject of this action are Michael and Leone Carey ("the Careys").  The Careys transferred title to the real properties to Douglas Carpa and Robert Talbot, or their successor trustees, as Trustees of the Ranch Holding Trust, and Michael Bloomquist, or his successor trustee, as Trustee of the Hidden Meadows Holding Trust.  Despite these purported transfers, the United States District Court for the Eastern District of California determined that the Careys were the true owners of the real properties and that they held title.  The United States obtained an Order of Foreclosure with regard to the real properties.  The plaintiff filed this instant action in an effort to delay and hinder the United States from enforcing the Court's Order and selling the real properties.

> * * *

> This action derives from an action that the United States initiated in the United States District Court for the Eastern District of California, to foreclose its federal tax liens on property owned directly or indirectly by the Careys. *United States v. Michael Carey, et al.*, Case No. 2:05-cv-02176-MCE-CMK.  That action sought to foreclose the United States' federal tax liens on three (3) parcels of property that the Careys owned ("prior action").  The three (3) parcels of real property that were at issue in the prior action are the same real properties described in plaintiff's complaint.

> In addition to naming the Careys as defendants in the prior action, the United States also named Douglas Carpa and Robert Talbot, or their successor trustees, as Trustees of the Ranch Holding Trust, and Michael Bloomquist, or his successor trustee, as Trustee of the Hidden Meadows Holding Trust, and included claims of fraudulent conveyance and nominee/alter ego.  The United States alleged that despite purported transfers of the real properties to the Ranch Holding Trust and the Hidden Meadows Holding Trust, that the Careys were, in fact, the true owners of the real properties at issue.

> The United States moved for summary judgment as to all claims for relief in the prior action, including the claims to foreclose the federal tax liens on the real properties and to have the Court determine that Michael and Leone Carey are the true and beneficial owners of the real properties.  The Court ruled in favor of the United States, issuing a Memorandum and Order that determined the Careys were the true owners

of the real properties at issue. . . .  The United States then moved to enforce its judgment by asking the Court to issue an Order of Foreclosure against the real properties at issue, which the Court issued. . . .  The Order of Foreclosure specifically provided that the federal tax liens underlying the money judgment entered against the Careys was to be enforced against the real properties.  The Order further provided that any persons occupying the real properties at issue were to vacate within thirty (30) days of the Order and that the United States Marshal's Service was authorized to take whatever action they deemed appropriate to remove any person from the real properties at issue, if they did not voluntarily vacate.  Pursuant to the United States' Judgment and the Order of Foreclosure obtained in the prior action, on June 11 and 18, 2009, the United States Marshals Service posted eviction notices on the real properties.  The Marshals Service was prepared to evict any remaining occupants on June 30, 2009, if they had not voluntarily vacated the premises.  This action was filed on June 23, 2009, seven (7) days short of the time eviction was to occur.

The crux of plaintiff's allegations are that the Federal Defendants violated his Fourth Amendment right by posting eviction notices on the real properties at issue, thus "seizing" these properties.  In the complaint, plaintiff admits and acknowledges that the Federal Defendants were working in their official capacity with the U.S. Marshals Service and pursuant to an order issued by this Court.  *See* Complaint, pp. 3 - 4.  Plaintiff also admits that the United States is the real party in interest.  *See* Complaint, p. 3.

Attached to defendants' motion as Exhibits A and B, respectively, are the court's memorandum order and order of foreclosure in the prior action.

As defendants note, plaintiff admits that defendants acted pursuant to court order in furtherance of their official duties as Deputy United States Marshals.  Plaintiff alleges, however, that the order posted by defendants incident to the eviction process bore no seal of the court "or any other indicia of authenticity or authority."  Plaintiff also contends that he is the actual owner of the subject property.  In support of this contention, plaintiff references a document attached to his pleadings as Exhibit 1 entitled "Successor-Trustee Appointment."  This document, dated November 26, 2007, and signed by Carpa, purports to appoint plaintiff as the "sole Trustee for the Ranch Holding Trust and Hidden Meadows Holding Trust."  Plaintiff also attaches to his pleadings a grant deed, recorded on July 15, 1996, in which the Careys transferred the subject property to Carpa and Talbot, as trustees for the Ranch Holding Trust.

/ / /

## II.  DISCUSSION

Defendants argue, among other things, that this action should be dismissed, with prejudice, because: (1) they are entitled to quasi-judicial immunity; and (2) the action is barred by sovereign immunity.

### A.    Quasi-Judicial Immunity

In Fayle v. Stapley, the Ninth Circuit concluded that certain government officers were immune from civil rights liability for actions authorized by a court order.  See 607 F.2d 858, 862 & n.4 (9th Cir. 1979).  In two other cases, the Ninth Circuit stated in dicta that those who execute court orders are shielded from liability in civil rights action s by the doctrine of quasi-judicial immunity.  See Gregory v. Thompson, 500 F.2d 59, 65 n.6 (9th Cir. 1974); Gillibeau v. City of Richmond, 417 F.2d 426, 429 (9th Cir. 1969).  In Coverdell v. Department of Social Services, the Ninth Circuit joined several other circuits in holding that "persons who faithfully execute valid court orders are absolutely immune from liability. . . ."  834 F.2d 758, 764-65 (9th Cir. 1987).  In that case, the court concluded that a social service worker executing an order to place Coverdell's child in protective custody enjoyed absolute quasi-judicial immunity.  See id. at 765.  In so holding, the court stated:

> Coverdell had an opportunity to challenge the court's order that Christina be apprehended and placed in temporary shelter care.  That order became final long ago and it is not at issue on this appeal.  Coverdell has neither alleged nor shown that in executing the order, McLaughlin exceeded its scope or acted improperly in any other way.  Coverdell's complaint, at bottom, is that McLaughlin apprehended Christina without notice shortly after the child's birth, while mother and child were still recuperating at the hospital.  McLaughlin's act, however, was plainly authorized by the court's order, which expressly directed the immediate apprehension of the child from the hospital. . . .
>
> Id.

/ / /

/ / /

/ / /

4

1    The court agrees with defendants that, accepting the allegations in the complaint

2  as true, they are entitled to absolute immunity because they were performing the ministerial act of

3  enforcing the court's foreclosure order and there is no allegation that they exceeded their

4  authority in doing so.  While plaintiff alleges that the copy of the order posted by defendant as

5  part of the eviction process did not bear any indicia of reliability, plaintiff does not allege that the

6  underlying order is invalid.  Because both named defendants are immune from suit, this action

7  must be dismissed with prejudice.

8    **B.** **Sovereign Immunity**

9    The United States, as a sovereign, may not be sued without its consent.

10  See Unites States v. Dalm, 494 U.S. 596 608 (1990).  Where the government has not consented

11  to suit, the district court lacks subject matter jurisdiction and the action must be dismissed.  See

12  Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982).  The doctrine of sovereign

13  immunity extends to agents and officers of the United States who are sued in their official

14  capacities.  See Spalding v. Vilas, 161 U.S. 483, 498-99 (1896); see also Hutchinson, 677 F.2d at

15  1322.  In this case, plaintiff alleges that the individual defendants were "at all times relevant to

16  this suit" acting in their capacities as Deputy United States Marshals in executing the order of

17  eviction.  He also asserts, as defendants observe, that "[t]he United States is the real party in

18  interest as the employer and surety for defendants."  From these allegations, and notwithstanding

19  plaintiff's statement that defendants are "being sued here in [their] private capacity," it is clear

20  that plaintiff has sued defendants in their official capacities as agents and officers of the United

21  States.  Because the government has not consented to be sued, this court lacks subject matter

22  jurisdiction and the action must be dismissed with prejudice.

23  ///

24  ///

25  ///

26  ///

### III.  CONCLUSION

The court notes that plaintiff filed an amended complaint following submission of defendants' first motion to dismiss, apparently in an attempt to avoid dismissal.  It is unclear whether the filing of the amended complaint was a good-faith effort to address the deficiencies outlined by defendants in their motion, or an attempt to further stall the eviction process.  What is clear, however, is that this court lacks jurisdiction over both the subject of this action and the individual defendants.  As discussed above, both defendants are immune from suit under the doctrine of quasi-judicial immunity, and this action is barred under the doctrine of sovereign immunity.  Under Federal Rule of Civil Procedure 12(h)(3), the court must dismiss an action if it determines at any time that it lacks jurisdiction to hear the case.  Therefore, while the filing of the amended complaint supercedes the original complaint which is the subject of defendants' motion, thereby technically mooting the motion, the court nonetheless recommends dismissal based on the finding of lack of jurisdiction and the renewal of defendants' arguments following filing of the amended complaint.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1          Based on the foregoing, the undersigned recommends that:

2          1.      Defendants' motion to dismiss (Doc. 11) be terminated as technically

3    moot;

4          2.      Defendants' renewed motion to dismiss (Doc. 19) be granted; and

5          3.      This action be dismissed with prejudice.

6          These findings and recommendations are submitted to the United States District

7    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

8    after being served with these findings and recommendations, any party may file written

9    objections with the court.  The document should be captioned "Objections to Magistrate Judge's

10   Findings and Recommendations."  Failure to file objections within the specified time may waive

11   the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12

13    DATED:  November 20, 2009

14                                              _____

15                                              CRAIG M. KELLISON
                                                UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26